113 F.3d 1242
 9 NDLR P 324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Alan PATTON, Plaintiff-Appellant,
v.
DOBSON ASSOCIATION; Dale Douglas, Defendants-Appellees.
 No. 96-15722.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1997.
Decided April 29, 1997.
 
 1
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and MOLLOY, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Douglas Patton appeals the district court's grant of summary judgment in favor of the Dobson Association ("Dobson") in his action alleging that he was terminated in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (1994). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We hold that there is no genuine issue of material fact as to whether Patton can sustain a claim under the ADA. The ADA protects "qualified individuals" from discrimination on the basis of a disability. See 42 U.S.C. § 12112(a). A qualified individual is someone who, "with or without reasonable accommodation, can perform the essential functions" of his job. 42 U.S.C. § 12111(8). We must reject Patton's claim because he has offered no evidence that he can perform the essential functions of his position at Dobson. See Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996) (stating that the ADA plaintiff bears the burden of proving that he can perform the essential functions of his job).
 
 
 5
 The record makes clear that Patton's duties as maintenance supervisor were strenuous ones. His work included carpentry, plumbing, painting, welding, masonry, electrical work, and the operation of heavy equipment. Patton's medical records indicate that he no longer is capable of such a high degree of exertion. In addition, although Patton now asserts that he can meet the demands of his job, his earlier certifications to state and federal agencies belie that claim. In the course of applying for worker's compensation and social security disability benefits, Patton testified under oath that his health prevents him from working outside and that he no longer has the physical strength to handle large vehicles.
 
 
 6
 Moreover, no "reasonable accommodation" on Dobson's part would enable Patton to continue in his position. See 42 U.S.C. § 12112(b)(5)(A). Restructuring an existing job can be a reasonable accommodation under the ADA, see 42 U.S.C. § 12111(9)(B), but an employer is not required to hire additional employees or make fundamental modifications in its operations. Cf. School Bd. of Nassau County v. Arline, 480 U.S. 273, 289 n. 19 (1987) (stating that the Rehabilitation Act does not require employers to find a different job for an employee who is not qualified for some version of his or her current position). To mandate the creation of the supervisory position Patton suggests would impose an undue hardship on Dobson. See 42 U.S.C. § 12111(10). Furthermore, there is no evidence that Patton could fulfill his job responsibilities even if he were allowed frequent rest stops and periodic leaves of absence.
 
 
 7
 On this record, no reasonable jury could find Patton capable of performing the essential functions of his job or conclude that a reasonable accommodation would bring those functions within his reach. Accordingly, we affirm the grant of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 8
 We also conclude that collateral estoppel precludes Patton from relitigating his claim of emotional distress in this court. The Arizona Court of Appeals held that Patton could not sustain an emotional distress claim, and "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 467 n. 6 (1982).
 
 
 9
 Finally, we deny Dobson's request for attorney's fees under 42 U.S.C. § 12205. Although Dobson is the prevailing party, the Supreme Court has stated that attorney's fees may be awarded to a defendant in a civil rights case only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Under that standard, we do not believe that a fee award is appropriate in this case.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3