116 F.3d 488
 10 NDLR P 88
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Booker T. WARREN, Plaintif-Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States
Postal Service, Defendant-Appellee.
 No. 96-55223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1997
June 6, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-01653-MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 
 
 2
 Before HUG, C.J.; FERNANDEZ and RYMER, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Booker T. Warren appeals from the district court's grant of summary judgment in his racial and handicap discrimination action against his employer, the U.S. Postal Service. Warren alleges that the Postmaster General denied him supervisory training and a promotion opportunity for reasons that violate the Rehabilitation Act of 1973, 29 U.S.C. § 794, and/or which were a pretext for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Postmaster General Runyon submits that Warren cannot perform the essential functions of the job for which he wants training. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 * The district court's grant of summary judgment is reviewed de novo in the light most favorable to the nonmoving party to determine whether there are genuine issues of material fact under the relevant substantive law. Tzuna v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). The party opposing summary judgment must show that there is some evidence upon which a reasonable juror could find in his favor on the issues on which he has the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 
 6
 Because the gravamen of Warren's Title VII claim is that the Postmaster's stated reason for denying him training for the EAS-16 job was pretextual and/or was itself unlawfully discriminatory, cf. Warren v. City of Carlsbad, 58 F.3d 439, 442-43 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), his Title VII claim for our purposes merges into his Rehabilitation Act claim. Runyon does not dispute Warren's allegation that no black employee has held the customer services supervisor position. Nor does Runyon argue that, absent Warren's handicap, Warren wouldn't state a prima facie claim of disparate treatment based on race. See McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); cf. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) (burden of establishing prima facie Title VII case "is not onerous"). Rather, Runyon argues that Warren's disability was a legitimate, non-discriminatory reason to deny him training under both Title VII and the Rehabilitation Act. As we conclude that the Postmaster General's determination that Warren cannot perform at least one of the essential functions of the EAS-16 post is not genuinely disputed, we affirm the entry of summary judgment.
 
 II
 
 7
 Warren argues that the district court erred by placing the burden on him to prove that he was qualified for the position without regard to any possible accommodations. That is not what the district court did, and there was no error.
 
 
 8
 A disabled person alleging disability discrimination must show (1) that "with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job," and (2) that despite this, he was denied an employment opportunity "because of" his disability. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996) (quoting White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir.1995)).[1] The employee "bears the burden of demonstrating [that he] can perform the essential functions of [the] job with or without [such] accommodation." Id. "If accommodation to [a] handicap is required to enable [him] to perform essential job functions, then [a plaintiff] must ... provide evidence sufficient to make 'at least a facial showing that reasonable accommodation is possible.' " Buckingham v. United States, 998 F.2d 735, 740 (9th Cir.1993) (quoting Arneson v. Heckler, 879 F.2d 393, 396 (8th Cir.1989)).
 
 
 9
 Thus, although Warren argues that "physical ability forms no part" of a disabled employee's qualification for a job, the district court correctly determined that Warren bore the burden of showing that he can perform the essential functions, including physical functions, of the EAS-16 customer services supervisor job with or without an identified accommodation. If an accommodation would be necessary, it was Warren's burden to "describe" it, Kennedy, 90 F.3d at 1481, and he did not do so.
 
 
 10
 Warren argues that regardless of the burden of proof on accommodation, his claim should survive summary judgment because there is conflicting evidence about what the essential functions of the EAS-16 position actually are, and about whether he can perform them. We do not believe there is a material dispute. The "essential functions" which Runyon maintains Warren cannot perform are a flexible work schedule and significant use of a computer. Warren's declaration arguably calls into question, based upon his personal observation, how much time an EAS-16 supervisor must spend at a computer. However, he presented no evidence that a flexible work schedule is not an essential function of this job.
 
 
 11
 Instead, Warren states that he could start work at 5:30 a.m., whether regularly or intermittently. But this does not raise a genuine issue of material fact in that it is undisputed that the essential elements of the job include flexible scheduling and varying times off, and that Dr. Klein's January 1994 letter stated that Warren could work an 8-hour day beginning at 8:00 a.m., with a lunch break from noon to 1:00 p.m., with Saturday and Sunday as non-scheduled days, and "No overtime is acceptable." In the same letter, Klein suggested that Warren might better serve the Postal Service as part of the managerial staff "[w]ith the limitations; hours of employment; and Non-Schedule days" stated for the proposed revisions in Warren's job duties.[2] In June 1994, after Warren had been denied EAS-16 training in a memorandum indicating that "[s]hould your physical limitations be lifted, we would consider you equally with the other employees who have asked to be trained," Klein reiterated that the limitations, including hours of employment, lunch break, and non-scheduled days that he had previously set for Warren should remain "permanent and unchanged." Thus, as the district court concluded, no triable issue exists as to Warren's limitations preventing him from being qualified for a job whose essential requirements include flexible working hours, work on Saturdays and Sundays, overtime, and split days. He was not, therefore, "otherwise qualified" for the position for which he wished to train. As there is no evidence that the Postmaster's rationale for not permitting him to train was a pretext for racial discrimination, summary judgment was appropriately granted.
 
 III
 
 12
 Warren argues that Runyon failed to show he had made an individualized assessment about whether Warren's disability could be accommodated. However, Runyon had no burden to make such a showing, as an employer's duty to make an individualized determination is triggered only when an employee suggests a particular accommodation. Buckingham, 998 F.2d at 740; Mantolete v. Bolger, 767 F.2d 1416, 1423 (9th Cir.1985). As we have noted, Warren points to nothing indicating that he proposed an accommodation which the Postmaster rejected. Although Warren's argument presumes that he might "need some accommodation," that is not enough to shift the burden to the Postmaster to reject hypothetical accommodations. As Warren neither rebutted Runyon's evidence that a flexible work schedule was an essential function, nor presented a possible accommodation, he did not raise a triable claim that he can do the job he wants with or without accommodation.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kennedy arose under the Americans with Disabilities Act. However, as the parties agree that the ADA and the Rehabilitation Act are substantially parallel, see Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996), we apply them interchangeably unless otherwise indicated
 
 
 [2]
 Klein's assertion in his declaration that he did not have a supervisory position in mind when he recommended consistent hours and no overtime contradicts his own letter and therefore fails to raise a genuine issue