124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glaydis BRISCOE, Plaintiff-Appellant,
v.
US WEST COMMUNICATIONS INC., Defendant-Appellee.
 No. 97-35017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-00850-JJ; John Jelderks, Magistrate Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Glaydis Briscoe appeals the district court's summary judgment in favor of U.S. West Communications Inc. ("US West") in Briscoe's action for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), the Americans With Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"), and Oregon Revised Statutes, § 659.030, 659.410, and 659.425.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Briscoe, an African-American woman, contends that U.S. West illegally discriminated against her by terminating her after she was released to return to restricted work following a period on workers' compensation. More specifically, she contends that she presented evidence sufficient to establish a prima facie case of disability discrimination under the ADA and Oregon state law, racial discrimination under Title VII and Oregon state law, retaliation for filing claims with the Oregon Bureau of Labor and Industries under Title VII and Oregon state law, and retaliation for filing a workers' compensation claim.[2] These contentions lack merit.
 
 
 4
 Briscoe first contends that she established a prima facie case under the ADA and Oregon state law that she was terminated because of her disability and that U.S. West failed reasonably to accommodate her when it failed to find her a permanent restricted work position that she could perform with her repetitive stress and shoulder injuries. See 42 U.S.C. § 12112; Or.Rev.Stat. § 659.425. To state a prima facie case under the ADA, Briscoe must show that she was a qualified individual with a disability who suffered an adverse employment action because of her disability. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1353 (9th Cir.1996), cert. denied, 117 S.Ct. 1247 (1997); see also Amman v. Multnomah Athletic Club, 919 P.2d 504, 506 (Or.App.1996) (setting forth similar criteria for summary judgment under Oregon Revised Statute § 659.425). A qualified individual with a disability is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." See 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(o)(2) (1996); see also Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996).
 
 
 5
 Briscoe adduced no evidence that at the time of her termination there was a vacant position available which she was qualified to perform with or without reasonable accommodation. 42 U.S.C. § 12111(9); 29 C.F.R. § 1630.2(o)(2)(ii) (reassignment to a vacant position may be a reasonable accommodation); see also Buckingnam v. United States, 998 F.2d 735, 739-40) (9th Cir.1993); cf. Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir.1996) (under Rehabilitation Act, employer not required to create position where one does not exist). The only evidence Briscoe presented was that, upon being released to return to restricted work, she was offered a position in the department where she had previously held a temporary position. She did not controvert U.S. West's evidence that the position was for one day only, and that there were no vacant permanent positions in any of its entities. Accordingly, we affirm the district court's summary judgment dismissal of Briscoe's disability claims. See Kennedy, 90 F.3d at 148.
 
 
 6
 Briscoe next contends she established a prima facie case of racial discrimination under Title VII and Oregon Revenue Statute § 659.030 because a position was found for a white person with similar injuries, and not for her. See 42 U.S.C. § 2000e; Or.Rev.Stat. § 659.030. Because there was no available position for which she was qualified, Briscoe did not provide sufficient evidence to establish a prima facie case of racial discrimination under Title VII or Oregon law. See McDonnell Douglas v. Green, 411 U.S. 792, 802 (1985); Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995) (prima facie case under Title VII requires showing that plaintiff applied for and was qualified for a job for which employer was seeking applicants); see also Messick v. Horizon Industries, Inc., 62 F.3d 1227, 1232 (9th Cir.1995) (applying prima facie case requirements under Oregon law). Accordingly, we affirm the district court's summary judgment dismissal of Briscoe's race discrimination claims. See Warren, 58 F.3d at 441.
 
 
 7
 Briscoe further contends that she established a prima facie case that she was terminated in retaliation for filing previous complaints of racial discrimination with the Oregon Bureau of Labor and Industries and for filing workers' compensation claims. See 42 U.S.C. § 2000e; Or.Rev.Stat. §§ 659.030, 659.410. 659.425. Briscoe has not established a causal relationship between the exercise of her rights and her termination. See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir.1994); see also Palmer v. Central Oregon Irrigation District, 754 P.2d 601, 603-604 (Or.App.1988) (requiring linkage between elimination of position and assertion of workers' compensation rights). Briscoe filed her workers' compensation claims and racial discrimination claims well before the date of her termination. See Wallis v. Simplot Co., 26 F.3d 885, 891, n. 5 (9th Cir.1994) (noting, without deciding, that events not in proximity to termination could not form basis for retaliation claim). She has not controverted U.S. West's evidence that it looked for and found temporary work for her from 1990, when she filed her first workers' compensation claim, until her termination in September 1994. Because Briscoe provided insufficient evidence that her filing of claims was causally related to her termination, she has not established a prima facie case of retaliation. Accordingly, we affirm the district court's summary judgment dismissal of the retaliation claims. See Steiner, 25 F.3d at 1464.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Briscoe does not appeal the grant of summary judgment on her claim for reinstatement under Or.Rev.Stat. § 659.420. Nor does Briscoe raise on appeal her hostile environment claim under Title VII. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) (failure to raise issue on appeal constitutes abandonment of issue)
 
 
 [2]
 Because we conclude that Briscoe did not establish a prima facie case, we need not reach the issue whether U.S. West's proffered nondiscriminatory reasons for terminating her were pretextual