**Kathlyn M. KENNEDY, Plaintiff–Appellant,**

v.

**APPLAUSE, INC., Defendant–Appellee.**

Nos. 95–55017, 95–55549.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1996.

Decided July 31, 1996.

Michele S. Johnson, Thousand Oaks, California, for plaintiff-appellant.

William S. Waldo and E. Jeffrey Grube, Paul, Hastings, Janofsky & Walker, Los Angeles, California, for defendant-appellee.

Douglas S. McDowell and Ann Elizabeth Reesman, McGuiness & Williams, Washington, DC, for amicus curiae.

Before: NOONAN, THOMPSON and HAWKINS, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Kathlyn M. Kennedy has Chronic Fatigue Syndrome. Her condition required her to take a three-month medical disability leave from work. One month after she returned to work, her condition again deteriorated and she took another medical leave. Her employer, Applause, Inc., fired her.

Kennedy sued Applause in the district court, alleging that Applause violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, when it discharged her because of her disability. The district court granted summary judgment in favor of Applause. It held that Kennedy had failed to establish a necessary element of her *prima facie* case: that she was qualified to perform her job, with or without reasonable accommodation by her employer. 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m). The district court also awarded Applause attorney fees and costs.

In these consolidated appeals, Kennedy appeals the district court's summary judgment and its award of fees and costs. We have jurisdiction under 28 U.S.C. § 1291 to hear Kennedy's appeal from the district court's summary judgment. We affirm that judgment. We dismiss for lack of jurisdiction Kennedy's appeal from the district court's order granting Applause attorney fees and costs, because Kennedy's notice of appeal from that order was prematurely filed.

I

FACTS

Applause manufactures and distributes gift and novelty items. Beginning in October 1990, Kennedy worked for Applause as a sales representative/territory manager. Her job duties entailed personally servicing the Applause accounts in the west San Fernando Valley of Los Angeles.

On August 18, 1992, Kennedy's physician, John E. Lynch, Jr., M.D., diagnosed her as suffering from "Chronic Fatigue Syndrome" and certified her as disabled from work. Kennedy was off work on medical disability leave from August 26, 1992 to November 30, 1992.

Kennedy worked for the next month at her usual job. On January 11, 1993, Dr. Lynch once again concluded she was unable to work and required a medical leave of absence. Later that day Kennedy informed her supervisor at Applause that her doctor had put her back on medical disability because of her Chronic Fatigue Syndrome.

The next day several things happened: Dr. Lynch signed a disability note which was submitted to Applause, stating that Kennedy was disabled from work until at least February 15, 1993; Kennedy signed an application for state disability benefits; and Kennedy's work supervisor, called her at home and informed her that she was fired.

In her complaint in the district court, Kennedy alleged seven causes of action: (1) violation of Title VII of the 1964 Civil Rights Act; (2) violation of the ADA; (3) violation of the California Fair Employment and Housing Act; (4) tortious discharge in violation of public policy; (5) breach of oral contract; (6) breach of implied contract; and (7) breach of the implied covenant of good faith and fair dealing.

The district court began its analysis of Kennedy's ADA claim by noting that Kennedy had the burden of demonstrating that she was a "qualified individual with a disability." The court then turned to the evidence. Kennedy's personal physician found her totally disabled from all work beginning January 11, 1993. In her deposition, Kennedy testified she was able to perform her job. The district court thought this might be enough to create a genuine issue of material fact precluding summary judgment, but there was more. Kennedy had made sworn statements on state disability benefit claim forms and Social Security Administration (SSA) claim forms that she was completely disabled for all work-related purposes.

Citing, *inter alia*, the First Circuit's opinion in *August v. Offices Unlimited, Inc.*, 981 F.2d 576 (1st Cir.1992), the district court held that Kennedy's deposition testimony that she was capable of working was belied by her detailed and definite sworn statements to the contrary on her disability benefit claim forms. The court also determined that these claim-form statements, together with Dr. Lynch's opinion, established that Kennedy was totally disabled and thus there was no reasonable accommodation Applause could have made which would have enabled her to perform her job. The district court also determined that the accommodation Kennedy requested, a "work-when-able"

work schedule, was unreasonable as a matter of law. The court granted Applause's motion for summary judgment on Kennedy's two federal claims and dismissed the remaining state causes of action without prejudice.[1]

Applause then moved for an award of attorney fees and costs and Rule 11 sanctions. On February 6, 1995, the district court denied Applause's motion for Rule 11 sanctions, but granted in part and denied in part its motion for attorney fees. The court also granted in part Kennedy's motion to retax costs. The court did not make a final determination at that time of the amount of fees and costs it would award. Instead, it asked both parties for additional submissions.

Before the court entered its final order determining the amount of fees and costs it would award, Kennedy filed a "Notice of Amended Appeal" from the February 6, 1995 order. She filed this on March 8, 1995. The district court filed its final order on March 20, 1995. In that final order the court reduced the clerk's costs award from $6,194.84 to $4,194.84 and granted Applause attorney fees of only $324.58. Kennedy did not file a notice of appeal from the March 20 order.

We consolidated Kennedy's appeal from the district court's summary judgment, which appeal is indisputably timely, with her appeal challenging the court's award of attorney fees and costs, which appeal we conclude is not timely.

II

DISCUSSION

A. The ADA Claim

■ The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). Only a "qualified individual with a disability" may state a claim for discrimination. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995); *Tyndall v. National Educ. Centers, Inc.*, 31 F.3d 209, 212 (4th Cir.1994); *Jackson v. Veterans Administration*, 22 F.3d

---

**1.** The court later acknowledged that the Title VII claim had previously been orally dismissed.

277, 278 (11th Cir.1994), *cert. dismissed,* —— U.S. ——, 115 S.Ct. 657, 130 L.Ed.2d 560 (1994) (Rehabilitation Act). The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

■ In order to prevail on an employment termination claim under the ADA, a plaintiff must establish:

(1) that he is a disabled person within the meaning of the ADA;[2] (2)that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

*White,* 45 F.3d at 360–61. A plaintiff bears the burden of demonstrating that she can perform the essential functions of her job with or without reasonable accommodation. *Lucero v. Hart,* 915 F.2d 1367, 1371 (9th Cir.1990).

■ Kennedy argues there were genuine issues of material fact as to the essential functions of her job. This argument misses the mark. The district court did not determine what functions of Kennedy's job were essential. It found she was totally disabled and as a result was unable to perform the job no matter what its essential functions were.

In determining that Kennedy was totally disabled from work beginning January 11, 1993, the district court relied on Dr. Lynch's deposition testimony that Kennedy was totally disabled from working either full time or part time beginning January 11, 1993, and on Kennedy's own admissions on her disability benefit claim forms. Although Dr. Lynch later cautioned that he did not see Kennedy a great deal from January 11 through May 4,

1993, his testimony is unequivocal that Kennedy was totally disabled as of January 11.

■ Kennedy's statements on state disability benefit and Social Security Administration (SSA) claim forms corroborate Dr. Lynch's assessment that she was totally disabled beginning January 11, 1993. On these claim forms, Kennedy represented she was completely disabled for all work-related purposes. Her deposition testimony in this case in support of her ADA claim to the effect that she was *not* totally disabled is uncorroborated and self-serving. Moreover, this deposition testimony flatly contradicts both her prior sworn statements and the medical evidence.[3] As such, we conclude her deposition testimony does not present "a sufficient disagreement to require submission to a jury." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). There is no *genuine* dispute of the fact that Kennedy was totally disabled from performing her job beginning January 11, 1993.

Kennedy argues that a genuine dispute of material fact as to the extent of her disability, and consequently her qualification to perform the essential functions of her job, is established by the SSA's ultimate denial of her claim for benefits. The SSA found "[b]ased on your description of the job you did as a sales person, we have concluded that you have the ability to return to this job." Kennedy contends the district court's opposite conclusion presents a textbook example of a genuine issue of material fact which is inappropriate for resolution by summary judgment. We disagree. The SSA's decision represents that administrative body's assessment of Kennedy's disability claim. Regardless of that assessment, Kennedy had to present evidence in the district court to create at least a genuine issue of material

---

2. For the purposes of the motion, the district court assumed, without finding, that Kennedy's Chronic Fatigue Syndrome is a "disability." We do the same.

3. Applause and amicus urge us to apply the doctrine of judicial estoppel in this case. Judicial estoppel is an equitable doctrine invoked by the court to protect the integrity of the judicial

process. *Morris v. State of California,* 966 F.2d 448, 453 (9th Cir.1991), *cert. denied,* 506 U.S. 831, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992). It precludes parties from taking inconsistent positions in judicial proceedings. *Id.* at 452–53. Because we find no genuine issue of material fact in this case, we find it unnecessary to rely on the doctrine of judicial estoppel.

fact on the question whether she was a qualified individual with a disability under the ADA. This she did not do.

We conclude the district court did not err in holding there is no genuine issue of a material fact as to Kennedy's total disability and resulting inability to perform her job with Applause, with or without reasonable accommodation. *See Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. *See also August*, 981 F.2d at 584 (granting summary judgment based on the finding that no genuine issue of material fact concerning the plaintiff's ability to work existed where the plaintiff had conceded that he was totally disabled on his claims for disability benefits).

■ Because Kennedy was totally disabled, we need not consider her contention that Applause could have accommodated her disability by allowing her the flexibility to work when she was able, as long as she fulfilled her monthly quota. Because she was totally disabled, there was no genuine issue that she could have performed her job with the proposed, or any other, accommodation.

■ Kennedy argues that if the district court had permitted her to conduct further discovery, she could have developed facts sufficient to create a genuine issue of material fact on the question whether she was a qualified individual with a disability under the ADA. She moved for further discovery under Rule 56(f) as part of her opposition to Applause's motion for summary judgment. The district court failed to address that motion.

■ Even though the district court did not expressly address Kennedy's Rule 56(f) motion, by granting Applause's motion for summary judgment the district court implicitly denied the Rule 56(f) motion. Because the district court did not expressly address this motion, however, our review of Kennedy's challenge to the court's implicit denial is de novo, rather than for abuse of discretion. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir.1994).

Neither in Kennedy's submissions to the district court in opposition to Applause's motion for summary judgment, nor in her arguments on appeal to this court, does she point to any potential discovery which would have precluded summary judgment. Specifically, she fails to indicate any potential evidence that would support her claim that she is a "qualified individual with a disability" under the ADA. We therefore affirm the district court's implicit denial of her Rule 56(f) motion for further discovery.

**B. Attorney Fees and Costs**

■ We dismiss for lack of jurisdiction Kennedy's appeal challenging the district court's award to Applause of $4,194.84 in costs and $324.58 in attorney fees. Kennedy failed to file a timely notice of appeal from this award.

■ A notice of appeal must be filed within 30 days of the date of entry of a judgment or an appealable order. Fed. R.App.P. 4(a). This requirement is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). Rule 4(a)(2) provides an exception for premature appeals:

> A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry.

In this case Kennedy filed an "Amended Notice of Appeal" on March 8, 1995, after the district court had ruled on February 6, 1995 that it would award Applause attorney fees and costs. Those fees and costs were not fixed until the court filed its March 20, 1995 order. Kennedy's appeal from the February 6th order, therefore, was premature.

In *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), the Supreme Court defined the circumstances under which a premature appeal qualifies as a timely appeal under Rule 4(a)(2):

> In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appeal-

able if immediately followed by the entry of judgment.

*FirsTier,* 498 U.S. at 276, 111 S.Ct. at 653 (emphasis in original). The Rule "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Id.*

In *In re Jack Raley Constr., Inc.,* 17 F.3d 291 (9th Cir.1994), we held that an order which did not determine an issue later resolved by the judgment did not qualify under Rule 4(a)(2) as a "decision that would be appealable if immediately followed by the entry of judgment." *Id.* at 294. We said that a premature notice of appeal is valid when "[a]ll that remained was the clerk's ministerial task of entering a Rule 58 judgment." *Id.* (citing *American Totalisator Co. v. Fair Grounds Corp.,* 3 F.3d 810, 813 (5th Cir.1993)). In *Jack Raley,* significantly more than a ministerial task remained. The appellants could not be said to have reasonably confused the district court's order with a final judgment when they had requested an opportunity to brief the unresolved issue. *Jack Raley,* 17 F.3d at 294.

Here, as in *Jack Raley,* significantly more than a ministerial task remained after the district court entered its February 6 order stating it would award attorney fees and costs to Applause. The amount of fees and costs had yet to be determined. The court had requested further submissions from both parties in order to assist it in this determination. Kennedy could not be said to have reasonably confused the court's February 6 order with a final judgment when the amount of attorney fees and costs was undetermined and the court was still requesting submissions. In the words of the Supreme Court, the court's February 6 order was not one "that *would be* appealable if immediately followed by the entry of judgment." *FirsTier,* 498 U.S. at 276, 111 S.Ct. at 653 (emphasis in original). *See also Baker v. Limber,* 647 F.2d 912, 916 (9th Cir.1981) (appellant filed notice of appeal after default, but before determination of damages or entry of judgment; appeal dismissed as premature). We therefore dismiss for lack of jurisdiction Kennedy's appeal challenging the district court's award of attorney fees and costs to Applause.

### III

### CONCLUSION

The district court's grant of summary judgment in favor of Applause on Kennedy's ADA claim, Appellate Case No. 95–55017, is affirmed on the basis that there is no genuine issue of material fact for trial and the district correctly applied the relevant substantive law. Kennedy's appeal in Appellate Case No. 95–55549 challenging the district court's award of attorney fees and costs is dismissed for lack of appellate jurisdiction.

AFFIRMED in part and DISMISSED in part. Applause shall recover its costs on appeal in both of the consolidated appeals to this court.