131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John KALAFATICH, Plaintiff-Appellant,
v.
CARDINAL HEALTHCARE INC., Defendant-Appellee.
 No. 97-15757.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Kalafatich appeals pro se the district court's summary judgment for Cardinal Healthcare in his action alleging that he was terminated in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Because Kalafatich failed to provide any evidence that he could perform the essential functions of a warehouseman's job, we conclude that the district court's grant of Cardinal's summary judgment motion dismissing the ADA claim was proper. See Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996) (holding that the ADA plaintiff bears the burden of proving that he can perform the essential functions of his job with or without accommodation).
 
 
 4
 We also conclude that, in light of the undisputed evidence, the district court properly determined that Kalafatich failed to present a prima facie case for relief under the ADEA because he could not satisfactorily perform a warehouseman's duties. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir.1997).
 
 
 5
 Insofar as Kalafatich raised an ADEA retaliation claim in the district court, the district court properly granted summary judgment of dismissal because Kalafatich failed to proffer evidence showing a causal connection between his advocacy on behalf of older workers and his termination. See O'Day v. McDonnell Douglas Helicopter, Co., 79 F.3d 756, 763 (9th Cir.1996).
 
 
 6
 Finally, because Kalafatich was dilatory regarding discovery and failed to explain the necessity for further discovery, the district court acted within its discretion by denying his discovery motion. See Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994).
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3