139 F.3d 904
 11 NDLR P 350
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Katherine D. COLEMAN, Plaintiff-Appellant,
v.
COMPUTER ASSOCIATES INTERNATIONAL, INC., Defendant-Appellee.
 No. 97-15015.
D.C. No. CV-96-20138 RMW/EAI.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1997.
Decided Feb. 6, 1998.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before SKOPIL, D.W. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Katherine Coleman brought this action against her former employer, alleging violations of the Americans with Disabilities Act (ADA) and the related California Fair Employment and Housing Act (FEHA), and wrongful discharge in contravention of public policy. The district court granted the employer's motion for summary judgment. We affirm.
 
 1. ADA and FEHA
 
 3
 To qualify for protection under the ADA or FEHA,[1] Coleman was required to show (1) that she is an individual with a disability; and (2) that she is "qualified," meaning that she can perform her job's "essential functions," with or without reasonable accommodation. See Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996). When an individual cannot perform a job's essential functions without accommodation, the court must consider "whether any 'reasonable accommodation' by the employer would enable the [plaintiff] to perform those functions." School Bd. of Nassau County v. Arline, 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987).
 
 
 4
 There is no dispute that Coleman's TMJ condition qualifies as a disability--it substantially limited the major life activity of working. See 42 U.S.C. § 12102(2)(A). Her unmanageable pain, caused by tension in the workplace, not only prevented her from performing her job, but precluded her from "a class of jobs or a broad range of jobs in various classes." See 29 C.F.R. § 1630.2(j)(3)(i).
 
 
 5
 Because she was disabled under the ADA and FEHA, Coleman contends that her employer should have granted her a second leave of absence as an accommodation to allow her to recover from her TMJ sufficiently to return to work. According to Coleman and the doctors who examined her, however, she would not be able to return to the same job, with its concomitant stress, even after a leave of absence. Under those circumstances, her employer was not obligated by either the ADA or the FEHA to offer her a second leave of absence. See Kennedy, 90 F.3d at 1481.
 
 
 6
 Coleman argues that her employer should have offered to modify her specific job or locate some other position for her in the company. We agree there is authority for the proposition that an employer's affirmative duty may go beyond merely responding to an employee's request for a particular accommodation. See Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 877 n. 7 (9th Cir.1989); Prilliman v. United Air Lines, Inc., 53 Cal.App.4th 935, 62 Cal.Rptr.2d 142, 150 (Cal.Ct.App.1997). We nevertheless agree with the district court that no triable issue exists regarding reasonable accommodation. Coleman admitted as much in her deposition when she agreed that a leave of absence would have been the only possible solution.
 
 2. Wrongful Discharge
 
 7
 Coleman claims she was tortiously discharged in contravention of the public policy against disability discrimination. Because Coleman's employer did not violate the ADA or FEHA, her tort claim must also fail. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1354 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1247, 137 L.Ed.2d 329 (1997); Stevenson v. Superior Court, 16 Cal.4th 880, 66 Cal.Rptr.2d 888, 889-90, 941 P.2d 1157 (Cal.1997).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Coleman's state law FEHA and common law claims may be subject to the exclusive remedy provisions of the California Workers' Compensation Act (WCA). Cal. Labor Code § 132a. Until recently, California courts uniformly held that the WCA is the exclusive remedy for employees' work-related disability discrimination claims. See Langridge v. Oakland Unified Sch. Dist., 25 Cal.App.4th 664, 31 Cal.Rptr.2d 34, 37 (Cal.Ct.App.1994). The state courts are now divided, however, on whether 1993 amendments to the FEHA repealed the longstanding exclusivity rule. Compare City of Moorpark v. Superior Court (Dillon), 57 Cal.Rptr.2d 156 (Cal.Ct.App.1996) (repeal), with Cammack v. GTE Cal. Inc., 55 Cal.Rptr.2d 837 (Cal.Ct.App.1996) (no repeal), and Andreacchi v. Price Co., 61 Cal.Rptr.2d 854 (Cal.Ct.App.1997) (no repeal). Although the California Supreme Court has granted review in these cases, we need not await its decision. If the WCA offers the exclusive remedy for Coleman's state law claims, then we would not reach the merits of those claims. If the exclusivity rule has been repealed, Coleman's state law claims nevertheless fail for the same reasons that her ADA claim fails