**Richard J. LANG, Appellant,**

v.

**CITY OF MAPLEWOOD, Respondent.**

**No. C5–97–1315.**

Court of Appeals of Minnesota.

Feb. 17, 1998.

Review Denied April 14, 1998.

Clayton M. Robinson, Jr., Robinson Legal Services, St. Paul, for appellant.

Julie A. Fleming–Wolfe, St. Paul, for respondent.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

Considered and decided by RANDALL, P.J., TOUSSAINT, C.J., and FOLEY, * J.

## OPINION

RANDALL, Judge.

Appellant argues the district court erred in awarding summary judgment to respondent in a discrimination action brought by appellant pursuant to the Minnesota Human Rights Act. We affirm.

## FACTS

The Maplewood Police Department hired appellant Richard Lang as a police officer in February 1972. Due to evaluations evidencing deficient performance by Lang beginning in the mid–1980s and a noticed change in Lang's personality and demeanor, police department officials referred him for a psychological evaluation in 1988. Lang was diagnosed as suffering from depression and a mixed personality disorder. He received psychiatric treatment through September 1995. At that time, his psychotherapist concluded his mental condition permanently prevented him from performing his duties as a police officer. In October 1995, a neurologist examined him and concluded he suffered from Arnold–Chiari Malformation, a brain malformity. Lang underwent brain surgery in January 1996 to correct the malformation. Although his mental status improved following surgery, he was unable to return to his position as a patrol officer.

Respondent City of Maplewood (City) notified Lang that, due to his permanent disability, he would be terminated and informed him that he had a right to a hearing under the Veterans Preference Act. Lang requested a hearing, and prior to the hearing he applied for, and began receiving, total disability benefits from the Public Employee's Retirement Association (PERA) as of June 27, 1996. After Lang's hearing on October 1, 1996, the Veterans Preference Board determined that because Lang was not capable of performing his duties as a police officer, the City had

art. VI, § 10.

reasonably and properly dismissed Lang. did not appeal this decision.

Lang brought the present action in Ramsey County District Court alleging that he is a qualified disabled person entitled to protection under the Minnesota Human Rights Act (MHRA) and that he was discriminated against based on his disability because the City did not accommodate his disability by reassigning him to a different position. The district court granted the City's motion for summary judgment and dismissed the complaint with prejudice, concluding that Lang is not a qualified disabled person under MHRA because he previously represented that he is totally disabled from performing his job as a police officer.

## ISSUE

Did the district court err in granting summary judgment against appellant where he brought an action under the Minnesota Human Rights Act and he had previously received total disability benefits from the Public Employee's Retirement Association?

## ANALYSIS

In summary judgment appeals, the reviewing court must determine whether genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The evidence must be viewed "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993).

Lang argues on appeal that the district court erred in granting summary judgment in favor of the City. He asserts that a material fact question exists as to whether he stated in applying for PERA that he was incapable of performing any work. He also argues that although he is totally disabled in terms of performing his job as a police officer, the City did not reasonably accommodate him by offering him another position for which he might be qualified. He argues that there is a material issue of fact as to whether suitable alternative employment existed at the time he was terminated and as to whether he was

capable of performing the duties of any available job.

The district court determined that Lang's representation to PERA was a concession that he was totally disabled and determined that this concession precluded him from establishing that he is a "qualified disabled person" under MHRA. According to PERA's informational sheets entitled "Applying for Disability: For Police and Fire Members," to qualify for PERA a police officer must be unable to perform his duties as a police officer due to the disability and the disability must be likely to last one year or more. Lang concedes that he applied for and received PERA benefits on his claim that he is disabled. He concedes that he is totally disabled and unable to serve in any capacity as a police officer.

Unless "based on a bona fide occupational qualification," it is unlawful under MHRA for an employer to discriminate against or discharge an employee due to that employee's disability. Minn.Stat. § 363.03, subd. 1(2) (1996). An employer must make reasonable accommodations for a qualified disabled person unless the employer can show that the accommodation would pose an undue hardship on the employer. Minn.Stat. § 363.03, subd. 1(6) (1996). A "qualified disabled person" is defined as "a disabled person who, with reasonable accommodation, can perform the essential functions required of all applicants *for the job* in question." Minn.Stat. § 363.01, subd. 35 (1996).

In applying MHRA, state courts get guidance from the interpretation of analogous federal anti-discrimination statutes by federal courts. *Sigurdson v. Isanti County*, 386 N.W.2d 715, 719 (Minn.1986); *see also State by Cooper v. Hennepin County*, 441 N.W.2d 106, 110 (Minn.1989) (interpreting MHRA with aid of federal case law). Under the federal Americans with Disabilities Act (ADA) a "qualified individual with a disability" is defined as an

individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.

42 U.S.C. § 12111(8) (1994). To prevail in a discrimination action under the ADA, a plaintiff must prove

"(1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability."

*Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996) (quoting *White v. York Int'l Corp.*, 45 F.3d 357, 360–61 (10th Cir. 1995)).

Citing numerous other jurisdictions adopting this position, the United States District Court of Minnesota determined in *Reiff v. Interim Personnel, Inc.*, that the plaintiff could not bring a discrimination claim under ADA or MHRA where he represented to a long-term disability carrier that he was totally disabled and he continued to collect benefits. 906 F.Supp. 1280, 1288–92 (D.Minn. 1995); *see also McNemar v. Disney Store, Inc.*, 91 F.3d 610, 616–19 (3rd Cir.1996) (appellant judicially estopped from proving he is qualified disabled person under ADA after submitting applications and sworn statements for disability benefits stating he was totally disabled), *cert. denied*, —— U.S. ——, 117 S.Ct. 958, 136 L.Ed.2d 845 (1997); *Kennedy*, 90 F.3d at 1481–82 (holding that where appellant admitted total disability in disability benefit applications and doctor stated she was totally disabled, she is not a "qualified individual with a disability" under ADA).

■ Lang cites *Robinson v. Neodata Servs., Inc.*, in which the Eighth Circuit Court of Appeals stated that a social security determination is "not synonymous with a determination of whether a plaintiff is a 'qualified person' for purposes of the ADA." 94 F.3d 499, 502 n. 2 (8th Cir.1996). However, the *Reiff* court noted that social security determinations of disability do not necessarily require that the individual be unable to work. *Reiff*, 906 F.Supp. 1280 (citing *Overton v. Reilly*, 977 F.2d 1190, 1196 (7th Cir. 1992)).

■ Lang cites *Arneson v. Heckler*, 879 F.2d 393 (8th Cir.1989), in support of his contention that he was "forced" to apply for PERA benefits, and, therefore, his acceptance of those benefits should not prevent him from recovering under MHRA. In *Arneson*, the Eighth Circuit concluded that if appellant was *unlawfully terminated* in violation of the Rehabilitation Act, appellant's retirement due to a disability did not preclude a claim under the federal Rehabilitation Act. *Id.* at 396. Here, appellant does not deny that he is totally disabled in terms of working as a police officer. The record shows that the Veterans Preference Board determined that Lang had been properly dismissed. Rather, he is seemingly asserting that the City "forced him to apply" for PERA by not providing him with another job that he was qualified to perform.

Lang insists that, despite his total disability in terms of serving as a police officer, the City was obligated to accommodate him by offering him available, alternative employment. He cites *Rhone v. United States Dep't of the Army*, a case from the United States District Court for the Eastern District of Missouri, where the court concluded that federal agencies are obligated to reassign disabled federal employees to positions for which they are qualified. 665 F.Supp. 734, 744–45 (E.D.Mo.1987). Here, the district court concluded that because Lang was totally disabled, no reasonable accommodation would have allowed him to perform his job as a police officer. *See Kennedy*, 90 F.3d at 1482 (holding where appellant was totally disabled and could not perform her job with any accommodation, court did not need to consider possible accommodations); *August v. Offices Unlimited, Inc.*, 981 F.2d 576, 584 (1st Cir.1992) (holding where appellant conceded he was totally disabled there was material fact question as to whether an accommodation would have permitted him to perform his job).

Both parties agree that Lang is disabled, that the City terminated him because of his disability, and that he applied for permanent disability retirement benefits and received them. There is no question Lang cannot perform the essential functions of a police officer, with or without accommodations. Lang stated in a sworn affidavit to the dis-

trict court that he applied for PERA benefits "due to the findings that [he] would no longer be able to perform the duties of a police officer."

■ The district court properly concluded that Lang does not fall within the definition of a "qualified disabled person" under MHRA, which defines a "qualified disabled person" as "a disabled person who, with reasonable accommodation, can perform the essential functions required of all applicants *for the job in question.*" Minn.Stat. § 363.01, subd. 35 (emphasis added). MHRA does not require the City to find an employee a completely different job if he cannot perform the duties of the job he was hired to perform with reasonable accommodations.

The district court did not err in awarding summary judgment to respondent in this case.

## DECISION

We affirm the district court's summary judgment award in respondent's favor. There are no issues of material fact in this case. The district court did not err in determining that the City was not required to accommodate Lang. No reasonable accommodation would have permitted Lang to perform his job as a police officer. The City is not required under MHRA to provide alternative employment for Lang.

**Affirmed.**