**Richard VAWSER, Plaintiff—Appellant,**

v.

**FRED MEYER, INC., a Delaware Corporation, Defendant—Appellee.**

No. 00–36081.

D.C. No. CV–99–01208–AA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Oct. 4, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Richard Vawser appeals the district court's summary judgment dismissal of his claims against Fred Meyer pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the Oregon Rehabilitation Act, ORS 659.400 *et seq.* Vawser also challenges the district court's summary judgment dismissing common law claims of negligence and public disclosure of private facts. We affirm substantially for the reasons stated by the district court in a thorough and reasoned opinion and order.

■■■ Vawser contends that the district court erred in ruling that Fred Meyer did not fail to provide reasonable accommodation when requested by plaintiff or to make a reasonable effort to explore possible accommodations. When the duty to accommodate arises, both the employee and the employer must communicate, exchange essential information and not delay or obstruct the process. *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1114–15 (9th Cir. 2000) (en banc), *cert. granted in part sub nom. US Airways, Inc. v. Barnett,* — U.S. —, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001). "Liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown" in the interactive process. *Beck v. University of Wisconsin Bd.*

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of Regents, 75 F.3d 1130, 1137 (7th Cir. 1996); see also Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir.1997) (liability cannot arise when the employee's actions cause a breakdown in the interactive process). Further, an employer is not obligated to provide a qualified individual with the accommodation of their choice upon demand. Rehling v. City of Chicago, 207 F.3d 1009, 1014 (7th Cir.2000). Rather, the reasonable accommodation process requires an individualized case-by-case assessment. Barnett, 228 F.3d at 1114–15.

■ Here, Vawser was allowed to use sick leave, was granted leaves of absence, and was allowed to leave work to deal with his illness and other medical conditions. On October 26, 1998, Vawser's physician, Dr. Antoniskis, recommended a structured five-day work week to accommodate Vawser's illness. In her letter to Fred Meyer, Dr. Antoniskis stated that Fred Meyer should not hesitate to contact her with questions. Cynthia Thornton, Fred Meyer's Employee Relations Manager, testified that she did not know precisely what Dr. Antoniskis meant by her reference to a structured work week in the context of retail store management. On November 4, 1998, Fred Meyer requested clarification of Dr. Antoniskis' recommendation, providing her also with Vawser's job description and work schedule.

Dr. Antoniskis failed to respond to Fred Meyer's request for clarification. Instead, it appears from the record that Dr. Antoniskis unilaterally decided that Fred Meyer's request for clarification was not responsive and then decided to take Vawser off work. By treating an inquiry that her letter invited as if it were an unequivocal rejection of accommodation, Dr. Antoniskis broke off the interactive process the ADA requires.

On November 10, 1998, Vawser filed an application for FMLA with an attached "Certification of Health Care Provider," both of which indicated that Vawser was no longer able to work at all, regardless of any modified work schedule.

Vawser was responsible for the breakdown of the interactive process. Fred Meyer could, within reason, ask Vawser's doctor for clarification of the accommodation she recommended on Vawser's behalf. Vawser's doctor abruptly terminated the discussion. Fred Meyer previously had accommodated Vawser's requests for sick leaves and leaves of absence. The record does not indicate that Fred Meyer rejected any accommodation Vawser proposed. Fred Meyer is not responsible for a communications failure by Vawser's doctor. We affirm the district court's grant of summary judgment on Vawser's reasonable accommodation ADA claim.

■ The district court properly held that maintaining Vawser's pay level was not an actionable adverse employment action under the ADA. We see nothing in the Vawser's employment history to support his claim that absent his disability he would have received a larger pay raise. In addition, Vawser hasn't demonstrated any genuine issue that Fred Meyer based his pay levels on his disability. We affirm the district court's summary judgment on this issue.

■ Vawser also challenges the district court's dismissal of his claim of hostile work environment under the ADA. We need not decide whether a claim for hostile work environment is actionable under the ADA. For, assuming without deciding that such a claim is proper, here Vawser failed to present sufficient evidence to support any claim that he encountered a work environment hostile to his disability. We agree with the district court that Vawser failed to prove that the conduct he com-

plained of was undertaken because of his HIV/AIDS status. We also agree that the challenged conduct was not sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. To explain our conclusions on these issues, we discuss the salient facts.

Here, Vawser based his claim of disability harassment on the alleged conduct of three supervisors. The record fails to show that any of them knew of Vawser's HIV/AIDS status during the relevant period. Any hostile treatment Vawser received was not shown to have been "because of" his disability.

We agree with the district court that the alleged conduct was not sufficiently severe or pervasive to establish an actionable hostile environment claim. The district court's analysis of Vawser's allegations of hostile environment is complete, thorough, and is supported by our independent review of the record. The record is devoid of evidence that Vawser's workplace was permeated with discriminatory intimidation, ridicule, or insult because of his illness.

■ Vawser also challenges the district court's dismissal of his claim that he was unlawfully discharged at the expiration of his leave of absence in violation of the ADA. To prevail on an employment discrimination claim under the ADA, Vawser was required to prove that: (1) he was a disabled person under the ADA; (2) he was able to perform the essential functions of his job with or without reasonable accommodations; and (3) Fred Meyer terminated him because of his disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481

(9th Cir.1996). Vawser does not claim he was able to continue work after his leave of absence. At that stage, absent some other communication and evidence, Fred Meyer reasonably could conclude that Vawser was unable to work. Vawser has not demonstrated a genuine issue of material fact as to whether Fred Meyer terminated him because of his disability. To the contrary, it is undisputed facts that, sadly, Vawser's condition had deteriorated to a point where work was not an option.

We also affirm the district court's rulings on the Oregon law and common law issues for the reasons stated by the district court.

AFFIRMED.