**Edward STANIEK, Plaintiff—Appellant,**

v.

**SACRAMENTO–YOLO PORT AUTHORITY; Janie Rankins, Captain, Defendants—Appellees.**

No. 02–17180.

D.C. No. CV–01–01602–MCE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 22, 2003.

---

Jill P. Telfer, Esq., Sacramento, CA, for Plaintiff–Appellant.

AnnaMary E. Gannon, Lewis D'Amato Brisbois and Bisgaard, LLP, San Francisco, CA, for Defendants–Appellees.

Before BEEZER, KLEINFELD, Circuit Judges, and JONES, District Judge.*

## MEMORANDUM **

Edward Staniek appeals the district court's summary judgment in favor of the Sacramento–Yolo Port Authority ("Port") and Captain Janie Rankins on his federal and state claims of age and disability discrimination, retaliation, and wrongful constructive discharge. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The facts are well known to the parties and we do not recite them here. Staniek asserts that the district court erred in excluding statements and pattern and practice evidence from 1995 and 1996 offered to show discriminatory and retaliatory animus and motive. The court did not abuse its discretion by not admitting these remote acts as background evidence of purported bias. *See Lyons v. England,* 307 F.3d 1092, 1111 (9th Cir.2002).

Staniek has not established any discriminatory basis for the alleged adverse job actions. Staniek failed to present direct or circumstantial evidence that age or disability was a motivating factor. *See Pottenger v. Potlatch Corp.,* 329 F.3d 740, 745 (9th Cir.2003) (age); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir.1996) (disability); *see also Costa v. Desert Pal-*

*ace, Inc.,* 299 F.3d 838, 855 (9th Cir.2002) (en banc), *aff'd,* — U.S. —, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). The record clearly demonstrates that the Port disciplined Staniek for dereliction of duty. Further, Staniek does not rebut evidence that the Port accommodated his non-work related disabilities. Consequently, the district court did not err in granting summary judgment on Staniek's discrimination and wrongful constructive discharge claims.

Staniek's retaliation claims lack a causal link between any protected activity and his suspension, sick leave warning, required fitness exams, or temporary denial of overtime pay in December, 2000. *See Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir.2003).

Finally, Staniek's complaints about overtime pay, sick leave, his suspension, and the Port's alleged discrimination in 1996 concerning work scheduling and in-service training are individual personnel disputes and are not protected speech on matters of public concern. *See McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir.1983). Therefore, Staniek's First Amendment claim fails.

AFFIRMED.

---

* The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.