Harry C. BARRETT, Plaintiff–Appellant,

v.

STATE OF CALIFORNIA, by and through the Department of Transportation, Defendant–Appellee,

and

Joseph Hecker; et al., Defendants.

No. 03–57101.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 16, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter K. Stris, Esq., Willenken Wilson Loh & Stris, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Julie A. Jordan, DAG, Department of Transportation Legal Division, San Diego, CA, for Defendants–Appellees/Defendants.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** District Judge.

** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

MEMORANDUM ***

Harry C. Barrett appeals *pro se* the district court's grant of summary judgment in favor of California's Department of Transportation ("Caltrans") in his employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment *de novo*. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir.2003). We affirm.

Barrett contends that he presented sufficient evidence to create a genuine issue of material fact regarding retaliatory motive. We disagree. Even assuming Barrett made a *prima facie* showing of retaliation, Caltrans produced evidence of its legitimate, nondiscriminatory reason for Barrett's discipline and discharge, his unsatisfactory work performance. Barrett disputes Caltrans's reason and the factual circumstances upon which it is based, stating, for example, that he did not falsify his time cards—he simply relied on his own wristwatch—and he was only unable to finish his work on time because his employer "failed to provide [him] with the proper equipment."

Barrett's argument is beside the point. Although a Title VII plaintiff may show pretext by putting into question whether the employer honestly believed its purported justification for its actions, "it is not important whether [the employer's reasons] were *objectively* false." *See Villiarimo*, 281 F.3d at 1063 (9th Cir.2002) (emphasis in original). Accordingly, Barrett's declaration disputing whether he actually falsified time sheets and whether it was his fault he could not finish his projects is unavailing. (Notably, Barrett's declaration fails to address the unexcused ab-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sences or the numerous charges that he lied to his supervisors, both of which also formed the basis for the adverse employment actions.) Barrett's declaration does not establish an issue of material fact because it does not show that Caltrans did not believe the proffered reasons for the adverse actions.

Moreover, in opposing Caltrans's motion, Barrett relies exclusively on his own uncorroborated and self-serving declaration. It is well-established that such evidence does not, on its own, create genuine issues of material fact. *See Villiarimo,* 281 F.3d at 1061; *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir.1996). Accordingly, the district court properly found that Barrett failed to produce specific and substantial evidence that Caltrans' reasons were pretext for retaliation. Barrett's contention that the district court applied the wrong standard of law is unavailing. *See id.* at 1065 n. 10 (rejecting argument that "a jury could infer that" the "real" reason for termination was retaliatory where plaintiff offered no evidence that the employer did not believe its proffered reason for firing him).

Barrett's contention that the district court failed to consider a hostile work environment theory is unavailing because Barrett's evidence does not show severe or pervasive conduct establishing such an environment. *See Vasquez,* 349 F.3d at 642–44.

Finally, we are not persuaded by Barrett's contention that the district court should not have allowed Caltrans to file a motion for summary judgment after the cut-off date specified in the original scheduling conference calendar. A party may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action." *See* Fed. R.Civ.P. 56(a). Moreover, at any conference, the court may take action with respect to "the appropriateness and timing of summary adjudication under Rule 56." Fed.R.Civ.P. 16(c)(5).

AFFIRMED.