Roger E. KENDALL, Plaintiff–Appellant,

v.

Michael B. MUKASEY,\* Attorney General, Defendant–Appellee.

No. 07–55329.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2008.\*\*

Filed June 10, 2008.

---

\*\* This disposition is not appropriate for publication and may not be cited except as provided by 9th Cir. R. 36–3.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

528

Roger E. Kendall, Los Angeles, CA, pro se.

Katherine M. Hikida, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: THOMPSON, O'SCANNLAIN and TALLMAN, Circuit Judges.

### MEMORANDUM ***

Roger Kendall appeals the district court's summary judgment in favor of the Attorney General of the United States in Kendall's action for (1) disability discrimination, in violation of the Rehabilitation Act, 29 U.S.C. § 791, *et seq.;* and (2) age discrimination, in violation of the Age Dis-

*** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

crimination in Employment Act, 29 U.S.C. §§ 621–634, allegedly committed by his employer, the Drug Enforcement Administration ("DEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment, *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1408 (9th Cir.1996), and we affirm.

■ To establish a *prima facie* case of disability discrimination, Kendall had to provide evidence that: (1) he was disabled within the meaning of the Rehabilitation Act, 29 U.S.C. § 791; (2) he was otherwise qualified to perform the essential functions of his position with or without reasonable accommodation; and (3) an adverse employment decision was made against him solely because of his disability. *Kennedy v. Applause,* 90 F.3d 1477, 1481 (9th Cir. 1996). The district court determined that Kendall failed to show that he was "otherwise qualified" under the Rehabilitation Act. We agree.

■ Kendall failed to provide any evidence that he was otherwise qualified to perform the duties of an Intelligence Research Specialist, with or without accommodation. The only evidence Kendall points to is a February 4, 2000 memorandum by Douglas L. Driver. Mr. Driver was not, however, Kendall's supervisor during the relevant time period, was not responsible for his assignments or performance evaluations and did not comment on Kendall's performance outside Group 48. By contrast, the evidence presented at summary judgment demonstrated that Kendall's performance was consistently deficient and he was unable to perform his job's essential functions, even with reasonable accommodations. Accordingly, the district court correctly held that Kendall's disability discrimination claim under the Rehabilitation Act failed. *See Lucero v.*

*Hart,* 915 F.2d 1367, 1371–72 (9th Cir. 1990).

■ To establish a *prima facie* case of age discrimination, Kendall had to provide evidence that he: (1) was a member of a protected class (age 40–70); (2) was performing his job in a satisfactory manner; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 917 (9th Cir.1997). Kendall did not provide any evidence that he was performing his job in a satisfactory manner or that he was replaced by a substantially younger employee with equal or inferior qualifications. The district court properly determined that Kendall failed to establish a *prima facie* case of age discrimination.

**AFFIRMED.**