**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **EDNA LUM, personal representative of the Estate of Thomas T. Lum, deceased**,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>**CITY OF GRANTS PASS, a municipal corporation; G. DEAN RIDENOUR**,<br><br>Defendants - Appellees. | No. 11-35303<br><br>D.C. No. 1:09-cv-03075-CL<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted May 10, 2012[**]
Portland, Oregon

Before:   **KOZINSKI**, Chief Judge, **TALLMAN** and **IKUT**A, Circuit Judges.

**1.**  Edna Lum has not established a genuine issue of material fact either that

Thomas Lum was "seized" under the Fourth Amendment or that Corporal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  <u>See</u> Fed. R. App. P. 34(a)(2).

Ridenour's initial entry into Lum's motel room was an illegal search, so her claim under 42 U.S.C. § 1983 fails. "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). Lum was non-responsive and thrashing uncontrollably, and his eyes were rolling in the back of his head, so he certainly gave no indication that he wanted to leave but felt prevented from doing so. And a reasonable person in Lum's circumstances would want not to leave but, instead, to receive the medical treatment required by the emergency and provided with Ridenour's assistance. "Violation of the Fourth Amendment requires an intentional acquisition of physical control," Brower v. Cnty. of Inyo, 489 U.S. 593, 596 (1989), and Ridenour's actions in securing the motel room and helping medical personnel didn't constitute intentional acquisition of physical control over Lum. Ridenour didn't need a warrant to enter the residence because he had an "objectively reasonable basis" for concluding that there was an immediate need to protect Lum and the arriving medical personnel, and the scope and manner of his entry were reasonable to meet the need. See United States v. Snipe, 515 F.3d 947, 952 (9th Cir. 2008). The district court didn't err in granting summary judgment in favor of defendants.

**2.** The district court properly granted summary judgment in favor of defendants on Edna Lum's negligence claim because Lum failed to establish a genuine issue of material fact that Ridenour's "act[] or omission was sufficient to bring about decedent's death." Joshi v. Providence Health Sys. of Or. Corp., 149 P.3d 1164, 1170 (Or. 2006). The record shows that Ridenour (1) didn't restrain Thomas Lum before allowing medical personnel to treat him, (2) didn't delay treatment to verify identities, and (3) didn't prevent medical personnel from treating Lum and transporting him to the hospital. Despite being given ample opportunity to do so, Edna Lum failed to present evidence showing that her brother's death could have been prevented with different treatment. The district court therefore properly "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)).

**AFFIRMED.**