FILED

NOT FOR PUBLICATION

AUG 19 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH CORDERO, | No. 13-15563 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00642-JGZ |
| v. | |
| MIRAVAL HOLDING, LLC and MIRAVAL RESORT TUCSON, LLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 15, 2015[**]
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Joseph Cordero appeals the district court's grant of summary judgment in favor of Miraval Holding, LLC ("Miraval") on all of his claims under the Americans with Disabilities Act ("ADA"). Cordero argues that Miraval discriminated against him when it terminated him; that Miraval discriminated and retaliated against him when it placed Cordero on probation, gave him a performance improvement plan, and required him to attend performance evaluation meetings; and that Miraval failed to provide him a reasonable accommodation when it refused to permit his grandmother to attend his weekly performance evaluation meetings. We affirm.

**1.** Miraval argues that Cordero waived his claim of discrimination related to his termination because he failed to raise it before the district court. As a *pro se* plaintiff, Cordero's pleadings must be liberally construed; the sole question is whether Miraval had fair notice of Cordero's discriminatory termination claim. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Cordero raised this claim multiple times in his district court filings, and, liberally construed, Cordero's second amended complaint alleged discriminatory conduct inclusive of his termination. Moreover, Miraval must have had fair notice that discriminatory

termination was one of Cordero's claims because Miraval affirmatively defended against this claim in its Motion for Summary Judgment.

However, Cordero has not met his burden of showing that he was a qualified individual within the meaning of the ADA when Miraval terminated his employment. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480-81 (9th Cir. 1996). Cordero's doctor sent Miraval a letter stating that Cordero's stroke "will likely cause him to remain disabled into the foreseeable future" because "the right-sided weakness he has suffered as a result of the stroke will make it very difficult for him to be employed in any capacity that requires use of his extremities," and concluded that Cordero "is therefore considered medically disabled." Additionally, Miraval sent Cordero a letter explaining the basis for his termination, and his grandmother responded to the letter, but did not contest Miraval's understanding that Cordero was unable to perform his essential job functions. Instead, she requested that Miraval extend the date of his termination, which Miraval did. In the face of this evidence, Cordero's argument that he would have been qualified if he had been put on an extended unpaid medical leave fails.

**2.** Cordero's claim that Miraval retaliated against him when it placed him on probation and required him to attend performance evaluation meetings likewise fails. To establish a prima facie case of retaliation, Cordero was required to show

that (1) he engaged in a protected activity, (2) he suffered an adverse employment decision, and (3) that there was a causal link between the protected activity and the adverse decision. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). "If the employee establishes a prima facie case, the employee will avoid summary judgment unless the employer offers legitimate reasons for the adverse employment action, whereupon the burden shifts back to the employee to demonstrate a triable issue of fact as to whether such reasons are pretextual." *Id.* Miraval provided a legitimate reason for its adverse employment action: another employee's complaint against Cordero for rude and disrespectful behavior. Cordero has failed to show that Miraval's reason was pretextual, and its motive discriminatory. *See Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005).

Cordero has also failed to show that Miraval discriminated against him when it disciplined him. Cordero argues that any behavioral issues were caused by his medication, and that, therefore, disciplining him for his behavior was tantamount to disciplining him for his disability. Here, the record does not show that Miraval was aware of the behavioral side effects of Cordero's medication when it placed him on probation; rather, it shows that Cordero informed Miraval of the behavioral side effects *after* Miraval initiated disciplinary action. If the employer did not

4

know that an employee's behavioral problems stemmed from his disability, then "animus based on [the employee's] disability" could not have been a motivating factor in the employer's decision. *Head*, 413 F.3d at 1065.

**3.** Cordero has failed to raise a genuine issue of triable fact with respect to his claim for failure to accommodate. The magistrate judge did not err in weighing the risks and alternatives of the accommodation requested with the hardship to Miraval, the employer, and the district court did not err in adopting the magistrate judge's recommendation. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999).

**AFFIRMED.**