NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA MARKOWITZ, an individual, | No. 16-56083 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-01367-AG-DFM |
| v. | |
| UNITED PARCEL SERVICE, INC., an Ohio corporation and DOE, 1 - 50 inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted February 13, 2018**
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,*** District Judge.

Anna Markowitz appeals the district court's grant of summary judgment in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

favor of United Parcel Service ("UPS"), regarding her claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process under the California Fair Employment and Housing Act ("FEHA"), and for wrongful termination. *See* Cal. Gov't Code § 12940. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a district court's grant of summary judgment. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

Markowitz fails to raise a triable issue for disability discrimination under FEHA. *See Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 344–45 (2008). FEHA "does not prohibit an employer from . . . discharging an employee with a physical or mental disability . . . if the employee . . . is unable to perform [his or her] essential duties even with reasonable accommodations." Cal. Govt. Code § 12940(a)(1); *see also Green v. State*, 42 Cal. 4th 254, 262 (2007).

The opinions of three doctors, as well as Markowitz's own testimony, establish that she could not work at all relevant times. From April 2013 to May 2014, Markowitz took nearly thirteen months of leave. Throughout this period, medical professionals and Markowitz herself indicated she was completely unable to work. For example, Dr. Sandhya Gudapati concluded Markowitz was unable to work repeatedly throughout the time period from July 25, 2013 to July 3, 2014.

2

Dr. David Brendel concluded that Markowitz was "totally and temporarily disabled due to work-related psychological stress and strain secondary-to-work related injuries" during his examinations beginning on May 20, 2014.

Markowitz's disability discrimination claim is also precluded by judicial estoppel. *See Drain v. Betz Labs., Inc.*, 69 Cal. App. 4th 950, 959 (1999). During workers' compensation proceedings, Markowitz asserted that she could not work. Based in part on that assertion, Markowitz was awarded a payout of $26,000. Her claim now that she was able to work during the relevant time period "flatly contradicts both her prior sworn statements and the medical evidence," and therefore fails to create a genuine issue of fact for trial. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

Markowitz's failure to accommodate claim is unavailing because she was not a qualified individual and UPS did not fail to accommodate her disability. *See Cuiellette v. City of L.A.*, 194 Cal. App. 4th 757, 766 (2011). Markowitz failed to request other forms of accommodation beyond leave. Employers are not required to provide indefinite leaves of absence. 2 Cal. Code Regs. 11068(c); *see Dark v. Curry Cty.*, 451 F.3d 1078, 1090 (9th Cir. 2006). And while apparently not raised below, Markowitz's argument on appeal that UPS failed to accommodate her request for a transfer fails because UPS responded by providing her a new shift working with a different management team.

Markowitz's failure to engage in the interactive process claim likewise fails. Markowitz was responsible to "identify [her] disability and resulting limitations," and to "suggest the reasonable accommodations" she sought. *Scotch v. Art Inst. of California-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 1013 (2009) (citation and internal quotation marks omitted). UPS did engage with Markowitz, granting her multiple extensions for her leave of absence. UPS had no obligation to take further steps to come up with reasonable accommodations until Markowitz gave some indication that she would be able to return to work in any capacity.

Finally, Markowitz's claims for wrongful termination in violation of public policy fail for the same reasons that her underlying claims for disability discrimination and failure to engage in the interactive process under FEHA fail. *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229–30 (1999).

**AFFIRMED**.