Theodore STEELE; Veronica Steele; Myrion Crosby; Crystal Hyatt; Roderick Hyatt, Plaintiffs–Appellants,

v.

COUNTY OF LOS ANGELES; Rivera, Deputy # 238846; Alvarado, Deputy # 219088; Anderson, Deputy # 248081; Delmuro, Deputy # 021941; Lugo, Deputy # 244780; Comstock, Deputy # 111198; Fines, Deputy # 184848; Thoms, Deputy # 223238; P. Delhaur, Detective; E. Smith, Detective; M. Baker, LT.; Willie Miller, Captain; Eric Parra, Sgt; Joe Raya, Sgt; Robert Wheat, Deputy; Pat Davoren, Deputy; Phil Geisler, Deputy; Ralph Garay, Deputy; Billy Marsh, Deputy, Defendants–Appellees,

No. 01–57183.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 23, 2004.

Emmanuel C. Akudinobi, Esq., Akudinobi & Ikonte, Los Angeles, CA, for Plaintiffs–Appellants.

**508**

Devallis Rutledge, Esq., Manning & Marder Kass Ellrod Ramirez, LLP, Irvine, CA, for Defendants–Appellees.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Theodore Steele, Veronica Steele, Myrion Crosby, Crystal Hyatt, and Roderick Hyatt (collectively "the Steeles") appeal the district court's grant of summary judgment to a number of sheriff officers of the County of Los Angeles (hereafter "Officers") and to the County of Los Angeles itself. We affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  A magistrate's determination of probable cause is entitled to great deference. *See Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *United States v. Alvarez,* 358 F.3d 1194, 1203–04 (9th Cir.2004); *United States v. Reeves,* 210 F.3d 1041, 1044–46 (9th Cir.2000). Moreover, the affidavit was sufficient and did not contain misrepresentations or material omissions. *See Liston v. County of Riverside,* 120 F.3d 965, 972–73 (9th Cir.1997); *Hervey v. Estes,* 65 F.3d 784, 789–90 (9th Cir.1995); *United States v. Bertrand,* 926 F.2d 838, 842–43 (9th Cir.1991).

2.  The knock-and-announce requirements of the Fourth Amendment to the United States Constitution and of 18 U.S.C. § 3109 were complied with under the circumstances of this case, despite some damage to the Steeles' front door. *See United States v. Banks,* 540 U.S. 31, ——, 124 S.Ct. 521, 524–25, 157 L.Ed.2d 343 (2003); *United States v. Ramirez,* 523 U.S. 65, 70–73, 118 S.Ct. 992, 996–98, 140 L.Ed.2d 191 (1998); *Richards v. Wisconsin,*

(1) After a thorough review of the record, we agree with the district court that the warrant for the search of the Steeles' home was valid,[1] and that the Officers did not violate the Steeles' constitutional rights in making entry to serve the warrant, which caused incidental damage to the Steeles' house;[2] in inflicting an alleged accidental injury upon Theodore Steele at the moment of entry;[3] or in detaining Roderick Hyatt.[4] Thus, the district court did not err in granting summary judgment in favor of the Officers and the County on these claims.

(2) Theodore Steele and Veronica Steele also assert that their Fourth Amendment rights were violated during the search because they were detained in the living room of their home for two to three hours and at some point they were refused the right to use the bathroom. In addition, Theodore Steele asserts that at

---

sin, 520 U.S. 385, 394–95, 117 S.Ct. 1416, 1421–22, 137 L.Ed.2d 615 (1997); *United States v. VonWillie,* 59 F.3d 922, 925, 927 (9th Cir.1995). (The Steeles also claim that a bedroom door was damaged, but without further facts that does not show a constitutional violation.)

3.  The mere accidental effect of an otherwise proper entry is not a constitutional violation. *See Brower v. County of Inyo,* 489 U.S. 593, 596–97, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989); *cf. County of Sacramento v. Lewis,* 523 U.S. 833, 853–54 & n. 13, 118 S.Ct. 1708, 1720 & n. 13, 140 L.Ed.2d 1043 (1998) (accidental harm to person is not a constitutional violation).

4.  The mere fact of Roderick Hyatt's arrest in the home does not constitute an illegal seizure. *See United States v. Moreno,* 891 F.2d 247, 249 (9th Cir.1989); *cf. Payton v. New York,* 445 U.S. 573, 588–89, 100 S.Ct. 1371, 1381, 63 L.Ed.2d 639 (1980). And, by the time of his arrest there was probable cause so to do. We note that the evidence does not indicate that Roderick was arrested before, rather than after, the incriminating information was found.

some point he was refused the right to take medicine. Of course, Officers may detain residents of a home that is being searched if the detention is for a reasonable time and carried out in a reasonable manner. *See Michigan v. Summers*, 452 U.S. 692, 701–03, 101 S.Ct. 2587, 2593—94, 69 L.Ed.2d 340 (1981). We recognize that does not justify the imposition of unnecessarily prolonged or degrading detention. *See id.* at 705 n. 21, 101 S.Ct. at 2595–96 n. 21; *Franklin v. Foxworth*, 31 F.3d 873, 875–77 (9th Cir.1994); *see also Heitschmidt v. City of Houston*, 161 F.3d 834, 837–39 (5th Cir.1998). However, the evidence submitted by the Steeles was insufficient to allow a determination that their detention was carried out in a constitutionally unreasonable manner. The district court did not err.[5]

AFFIRMED.

---

5. The Steeles also complain that they were improperly denied a discovery continuance. However, they do not show that they had been diligent or that the summary judgment decision would have been affected. *See Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 (9th Cir.2001); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482 (9th Cir. 1996); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir.1996); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608—09 (9th Cir.1992).