**Anthony Albert JIMENEZ, Plaintiff—Appellee,**

v.

**John FRANKLIN; et al., Defendants—Appellants.**

**Nos. 07–56149, 07–56545.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed Oct. 1, 2009.

Andrew R. Hall, Esquire, Davis Wright Tremaine, LLP, Los Angeles, CA, for Plaintiff–Appellee.

B. Eric Nelson, Esquire, Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendants–Appellants.

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

MEMORANDUM *

John Franklin, Ryan Bergner, Gabriel Frank Gonzalez, and Gilbert Duron appeal

tion and is not precedent except as provided

the jury's verdict in favor of Anthony Albert Jimenez, who alleged in a 42 U.S.C. § 1983 that the appellants used excessive force to restrain Jimenez on three occasions while he was in pretrial detention. The appellants also appeal (1) the district court's evidentiary rulings concerning Jimenez's and Gonzalez's prior felony convictions, (2) the district court's denial of the appellants' motion for a new trial, and (3) the district court's award of costs and fees to Jimenez. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We need not decide whether the district court erred by instructing the jury using the objective-reasonableness standard for excessive force involving a pretrial detainee because, even if the district court did err, the error was harmless on the facts of this case. *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *See also Graham v. Connor,* 490 U.S. 386, 396–99, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Gibson v. County of Washoe,* 290 F.3d 1175, 1197 (9th Cir. 2002).

The district court did not abuse its discretion by admitting into evidence only the facts of Jimenez's and Gonzalez's prior felony convictions, but not the descriptions of the crimes underlying their convictions. *See Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004).

The district court did not abuse its discretion in denying appellants' motion for new trial based on the weight of the evidence. *Dorn v. Burlington N. Santa Fe R.R.,* 397 F.3d 1183, 1189 (9th Cir.2005).

The jury's verdict on compensatory damages is supported by "substantial evidence." *In re Exxon Valdez,* 270 F.3d 1215, 1247–48 (9th Cir.2001). The district

by 9th Cir. R. 36–3.

court did not abuse its discretion in awarding attorneys' fees under 42 U.S.C. § 1988(b). *Tutor–Saliba Corp. v. City of Hailey,* 452 F.3d 1055, 1059 (9th Cir.2006).

**AFFIRMED.**