**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTHONY ALBERT JIMENEZ,
              *Plaintiff-Appellant,*

              v.

JOHN FRANKLIN; GILBERT DURON;
RYAN BERGNER; GABRIEL FRANK
GONZALEZ,
              *Defendants-Appellees,*
              and

DAVID SUM; TRI T. HOANG; DANIEL
ORTEGA; CESAR CASILLAS; ALFREDO
NMI GOMEZ; DANIEL ESTRELLA,
              *Defendants.*

No. 10-56199

D.C. No.
2:99-cv-03455-PJW

ANTHONY ALBERT JIMENEZ,
              *Plaintiff-Appellant,*

              v.

GILBERT DURON; JOHN FRANKLIN;
RYAN BERGNER; GABRIEL FRANK
GONZALEZ,
              *Defendants-Appellees,*
              and

DAVID SUM; TRI T. HOANG; DANIEL
ORTEGA; CESAR CASILLAS; ALFREDO
GOMEZ; DANIEL ESTRELLA,
              *Defendants.*

No. 10-56292

D.C. No.
2:99-cv-03455-PJW

ANTHONY ALBERT JIMENEZ,
          *Plaintiff-Appellant,*

v.

GILBERT DURON; JOHN FRANKLIN;
RYAN BERGNER; GABRIEL FRANK
GONZALEZ,
          *Defendants-Appellees,*

and

DAVID SUM; TRI T. HOANG; DANIEL
ORTEGA; CESAR CASILLAS; ALFREDO
GOMEZ; DANIEL ESTRELLA,
          *Defendants.*

No. 10-56294

D.C. No.
2:99-cv-03455-PJW

OPINION

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted
March 9, 2012—Pasadena, California

Filed May 22, 2012

Before: Jerome Farris, Richard R. Clifton, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Clifton

## COUNSEL

Emelio G. Gonzalez and Kristin Knox Esche (argued), Davis Wright Tremaine LLP, Los Angeles, California, for the plaintiff-appellant.

Scott Wm. Davenport (argued), Irvine, California, and David J. Wilson, Los Angeles, California, Manning & Kass, Ellrod, Ramirez, Trester LLP, for the defendants-appellees.

## OPINION

CLIFTON, Circuit Judge:

Anthony Albert Jimenez appeals from the district court's orders granting full satisfactions of judgment as to defendants

John Franklin, Gilbert Duron, and Ryan Bergner. Franklin, Duron, and Bergner, along with co-defendant Gabriel Frank Gonzalez, were found to have violated Jimenez's civil rights and held liable for damages under 42 U.S.C. § 1983. The district court awarded attorney's fees and ordered that all four defendants were jointly and severally liable for the fees. Defendants Franklin, Duron, and Bergner appealed the judgment, including the fee award, but did not challenge the order that they were jointly and severally liable for fees. This court affirmed. Thereafter those three defendants returned to district court and obtained satisfactions of judgment after paying less than the full amount of the fee award, based on an argument that 42 U.S.C. § 1997e(d)(2), enacted pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), limited each individual defendant's attorney's fee liability to 150 percent of the compensatory damages awarded against that individual.

We hold that the defendants' failure in the first appeal to challenge the district court's order that the defendants were each jointly and severally liable for the fee award waived their ability to challenge that order subsequently. We therefore vacate the satisfactions of judgment.

## I.  Background

Jimenez sued ten Los Angeles County deputy sheriffs under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was held in pretrial detention in a Los Angeles County jail in 1998. The allegations concerned four separate incidents that took place over three separate days. The County provided a defense for all of the defendants.

The jury returned a verdict in favor of Jimenez as to four of the ten defendants. The court awarded damages to Jimenez payable by those four defendants in the following amounts: Franklin, $1; Duron, $5,000 in compensatory damages and $10,000 in punitive damages; Bergner, $50,000 in compensatory damages and $50,000 in punitive damages; and Gonza-

lez, $100,000 in compensatory damages and $150,000 in punitive damages. These individual awards totaled $365,001.

The court then awarded $505,671.40 in attorney's fees and $24,595.94 in costs. The district court ordered plaintiff Jimenez to pay $5,000 of the fee award himself, leaving the balance of $500,671.40 owing from defendants. The district court's order specifically provided that "[t]he Court will order that the payment of the fees be joint and several to insure that Plaintiff's counsel is paid, as Defendants' counsel has intimated that the County may decide not to indemnify Defendant Gonzalez — against whom the jury awarded the largest amount of damages — because, in the County's view, he is in prison and is judgment proof."

The four defendants appealed the judgment but did not challenge the order that they were jointly and severally liable for the total amount of the fee award. This court affirmed the judgment, observing with regard to fees only that "[t]he district court did not abuse its discretion in awarding attorneys' fees under 42 U.S.C. § 1988(b)." *Jimenez v. Franklin*, 333 F. App'x 299, 300 (9th Cir. 2009) (unpublished). Additional fees of $41,830.10 were awarded for the appeal. This brought the total fee award to $547,501.50, which is equal to 150 percent of the total damages awarded to Jimenez.

The County paid the amounts awarded for compensatory damages for each of the four defendants but paid the awards for punitive damages for only three of the four defendants and only part of the fee award. The County did not pay the $150,000 punitive damages award against Gonzalez, nor did it pay $225,000 of the award for attorney's fees, the portion it deemed attributable to that punitive damages award against Gonzalez.

After the County paid $2.50 on his behalf, Franklin returned to district court seeking an order that he had fully satisfied the judgment against him. He argued that the PLRA

capped attorney's fees at 150 percent of the judgment and contended that the judgment against him was only for $1.00 in nominal damages and that, therefore, he could be required to pay no more than $1.50 in attorney's fees, notwithstanding the fact that the court had ordered that liability for the fee award was joint and several. The relevant provision of the PLRA, 42 U.S.C. § 1997e(d)(2), reads: "Whenever a monetary judgment is awarded in an action described in paragraph (1) . . . [i]f the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant."

The district court agreed with Franklin: "As strained as that argument initially appears, it seems to be supported by what little law there is on the subject." Acknowledging that Franklin's efforts may be "thinly-veiled attempts to circumvent Federal Rules of Civil Procedure 59 and 60 and re-litigate, through a back channel, what has already been decided," the district court did not find that to be a sufficient justification to deny the motion. The court granted Franklin's motion for entry of an order that he had fully satisfied the judgment against him. The parties stipulated to the entry of full satisfaction as to Duron and Bergner, after the County made payment of the fee award sufficient to cover their shares based on the damage awards entered against them individually.

Jimenez appealed all three orders. The appeals have been consolidated.

## II. Discussion

**[1]** Section 1997e(d)(1) limits the award of attorney's fees in actions brought "by a prisoner who is confined to any jail, prison, or other correctional facility." In an action brought under 42 U.S.C. § 1983, the court has the discretion to award attorney's fees to any prevailing party other than the United States. 42 U.S.C. § 1988. Under § 1997e(d)(1), however, the court may award fees to prisoners only to the extent that (1)

the fees were "directly incurred in proving an actual violation of the plaintiff's rights," § 1997e(d)(1)(A); and (2) the fees are either "proportionately related to the court ordered relief for the violation" or "directly and reasonably incurred in enforcing the relief ordered for the violation," § 1997e(d)(1)(B).

**[2]** Section 1997e(d)(2), the statutory provision at issue in this case, further limits fee awards to prisoners. This section provides, in full:

> Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

§ 1997e(d)(2). Defendants' sole contention on appeal is that § 1997e(d)(2) clearly provides that a court may not require defendants to pay more than 150 percent of the award against them, that there were separate judgments against each of the defendants, and that it was therefore appropriate for the district court to enter full satisfaction of judgment.

This argument is waived. The proper time to challenge the joint and several nature of the attorney's fee award as violating the PLRA was on appeal of the order which included the fee award and provided that defendants were jointly and severally liable for it. Defendants failed to do so and cannot relitigate the issue here. *See Munoz v. Cnty. of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982) ("We need not and do not consider a new contention that could have been but was not raised on the prior appeal.").

**[3]** Defendants became liable for the entire fee award as soon as the district court entered that award and ordered that

the liability be joint and several. Each defendant's liability exceeded 150 percent of his individual damages from that point forward. The County's ultimate decision regarding the indemnification of defendant Gonzalez may have affected the amounts Franklin, Duron, and Bergner would be called upon to pay, but it did not alter their liability, which had already been established. Franklin, for example, had been held liable for only $1 in damages but was jointly and severally liable at that point in time for $500,671.40 in fees, based on the district court's order. Defendants waived the challenge that Franklin could be liable for no more than $1.50 for attorney's fees by failing to present that argument within its previous appeal, when it was ripe for review. *See Riley v. Kurtz*, 361 F.3d 906, 912 (6th Cir. 2004) (holding that the defendant's failure to file a timely appeal of a fee award exceeding 150 percent of the judgment waived any opportunity to contest the amount under the PLRA cap).

**[4]** Defendants' argument that 42 U.S.C. § 1997e(d)(2) affects only the payment and not the award of those fees is unpersuasive. Though the statute is not a shining exemplar of good draftsmanship, other courts have read 42 U.S.C. § 1997e(d)(2) to limit the actual awards, not just their recoupment from defendants:

> [T]he plain language of § 1997e(d)(2) signals that no attorney's fee award greater than 150 percent of the monetary judgment may be entered against a defendant. To be sure, Congress might have expressed itself more clearly, but we are nevertheless satisfied that this is the most natural reading of the statute.

*Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011); *see Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010); *Parker v. Conway*, 581 F.3d 198, 203 (3d Cir. 2009). We agree that the statute limits the award, not simply collection of the award.[1]

---

[1]We express no view on the substantive question raised by defendants' challenge, whether we should construe the judgment awarding Jimenez

**[5]** By waiting to raise the argument after the first appeal, defendants required the district court and plaintiff to deal with the case again and have forced our court to deal with a second appeal. We do not condone and cannot encourage that inefficient and uneconomical approach. Defendants knew everything they needed to know about their joint and several liability for the attorney fee award at the time of the prior appeal. If they wanted to challenge the joint and several liability, they should have done so at that time. They did not, so the challenge has been waived. The satisfactions of judgment must be vacated.

## SATISFACTIONS OF JUDGMENT VACATED.

---

compensatory damages against each of the four different defendants as four separate judgments, one against each defendant, such that the PLRA's statutory cap on awards of attorney's fees limits the liability of each individual defendant for fees to no more than 150 percent of the damages awarded against that defendant individually, or alternatively, whether an individual defendant may be held jointly and severally liable for fees up to 150 percent of the total amount of damages awarded in the judgment.