NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MELVIN STERNBERG;
STERNBERG & SINGER LTD,

        Appellants,

  v.

LOGAN JOHNSTON,

        Appellee.

No. 10-15618

D.C. No. 2:06-cv-02115-ROS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Submitted July 23, 2012**
San Francisco, California

Before: HAWKINS, BERZON, and CLIFTON, Circuit Judges.

      Melvin Sternberg appeals the district court's order awarding Logan Johnston

$24,491.00 in attorneys' fees.  That award was properly before us in a previous

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal, but Sternberg failed to present any arguments about it at that time or even to ask that it be set aside. It is too late for him to do so now. We affirm.

This case is not new to us. *See Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010). Sternberg previously filed two appeals to this court regarding two separate district court orders: an order upholding an award to Johnston by the bankruptcy court of $92,869.20, including attorneys' fees incurred in litigation before the bankruptcy court (appeal no. 07–16870), and a separate order awarding Johnston an additional $24,491 in attorneys' fees for activity before the district court (appeal no. 08–15721). We consolidated the appeals, vacated the $92,869.20 bankruptcy award, and remanded for determination of the appropriate amount to award. Our decision did not address the $24,491 award of fees for activity before the district court.

Ordinarily, a party seeking relief from an award of attorneys' fees is required to file an appeal. *See, e.g.*, *Culinary & Serv. Emps. Union, AFL-CIO Local 555 v. Haw. Emp. Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order."). If a party appeals a fee award, but fails to perfect the appeal, the appeal may be forfeited. *See Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482-83 (9th Cir. 1996) (holding that the court

lacked jurisdiction to consider the appeal because it was filed before the final order awarding attorneys' fees).

Sternberg filed an appeal of the $24,491 fee award order, and, as noted above, we consolidated that appeal with the appeal of the underlying award by the bankruptcy court, affirmed by the district court. But even though the appeal of the $24,491 fee award was pending before us, Sternberg did not make an argument to reverse the district court's $24,491 award. Sternberg only mentioned the $24,491 award once in his opening brief, in the final sentences of the "Statement of the Case" section. He did not mention the award in the fact section of his brief, none of Sternberg's arguments related to the $24,491 award, and he never asked us to set aside the award. The conclusion of Sternberg's opening brief requested only that this Court set aside the bankruptcy court's award. Because Sternberg did not present an argument opposing the $24,491 award, our opinion did not mention it.

In the adversarial system, the courts act as neutral arbitrators of issues properly raised by parties. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). "'[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties.'" *Id.* at 244 (alteration in original) (quoting *United States v. Samuels,* 808 F.2d 1298, 1301 (8th Cir. 1987)). We will "'review

3

only issues which are argued specifically and distinctly in a party's opening brief.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). It is the parties' responsibility to apprise the court of all relevant issues. Issues not argued on appeal are forfeited. *Indep. Towers,* 350 F.3d at 929–30. Although he had filed an appeal from the fee award, Sternberg did not present an argument—or even a bare request—to set aside the district court's $24,491 award, so he forfeited his appeal of that issue.

Sternberg's present appeal challenges the district court's conclusion that we did not vacate the $24,491 award in our earlier opinion. As our opinion did not mention that fee award, the district court was correct. We will "not consider a new contention that could have been but was not raised on the prior appeal." *Munoz v. Imperial Cnty.*, 667 F.2d 811, 817 (9th Cir. 1982); *see Jimenez v. Franklin*, 680 F.3d 1096, 1099–1100 (9th Cir. 2012); *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (holding that it would be a "manipulation" of the court system for party that had not raised all relevant issues in its first appeal to be allowed a "second bite at the apple"). Since Sternberg could have—but did not—argue to overturn the $24,491 award in his first appeal, he may not make this argument now. Litigants proceed at their own risk if they leave issues lying in the weeds.

4

In the interest of conserving judicial resources, we will not consider issues that were before us but not argued in the prior appeal. Had Sternberg argued during his first appeal that the $24,491 award should be overturned, we could have efficiently disposed of this issue. Having neglected to present his argument as to that award before, Sternberg now asks us to reacquaint ourselves with his case, review our earlier opinion, and dispose of an issue which Sternberg elected not to discuss the first time around. That is a waste of the court's time, as well as the time and resources of the district court and the opposing party, and we cannot condone it.

**AFFIRMED.**