**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL HUNT,

        Plaintiff - Appellant,

  v.

CITY OF LOS ANGELES,

        Defendant - Appellee.

No. 12-55709

D.C. No. 2:06-cv-04691 DDP-SS

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge,  Presiding

Submitted April 22, 2013 [**]

Before:  GOODWIN and RAWLINSON, Circuit Judges, and SEABRIGHT, [***]
District Judge.

      Michael Hunt ("Hunt") brought this action challenging several of the City of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Los Angeles' (the "City") ordinances aimed at preventing vending on the Venice Beach Boardwalk (the "Boardwalk"), including Los Angeles Municipal Code ("LAMC") § 42.15 (2004), LAMC § 42.15 (2006), and LAMC § 63.44, none of which is currently in effect. This is now the parties' second time on appeal. In the first appeal, we affirmed the district court's summary judgment determinations that Hunt has standing to challenge LAMC § 42.15 (2004), that the ordinance is void for vagueness, and that Hunt's claims as to LAMC § 42.15 (2006) fail. *Hunt v. City of L.A.*, 638 F.3d 703 (9th Cir. 2011). The district court did not, however, address LAMC § 63.44 in light of Hunt's assertions at the summary judgment hearing that his claims were primarily centered on LAMC § 42.15, *see Hunt v. City of L.A.*, 601 F. Supp. 2d 1158, 1160-61, 1161 n.1 (C.D. Cal. 2009), and the parties proceeded to trial on damages as to § 42.15 only. On appeal, we rejected the City's limited argument that Hunt's assertion at the summary judgment hearing constituted an abandonment of his § 63.44 claim and remanded for the district court to substantively address this claim in the first instance. *Hunt*, 638 F.3d at 718-19.

On remand, the City sought dismissal of Hunt's § 63.44 claim, arguing that Hunt lacks standing and that the claim is moot. The district court granted the City's motion, albeit on the different ground that Hunt abandoned this claim *after*

2

summary judgment by failing to proceed with the claim at trial. Hunt now appeals the dismissal of his LAMC § 63.44 claim, arguing, among other things, that the district court failed to follow our previous directions that the district court must substantively address this claim and that we already determined that he did not abandon the claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and based upon de novo review, we affirm.

Hunt's argument relies on two critical assumptions, neither of which is supported by the record. First, Hunt suggests that our previous ruling that he did not abandon his § 63.44 claim at summary judgment prevented the district court from determining on remand that Hunt abandoned this claim at trial. Contrary to Hunt's argument, we previously addressed a limited question -- whether Hunt abandoned his § 63.44 challenge during oral argument on the summary judgment motions -- and we were not presented with the question of whether Hunt abandoned this claim at any time subsequent to summary judgment. *See Hunt*, 638 F.3d at 719. As a result, we stated that "[t]he district court should have therefore substantively addressed Plaintiffs' claims as to § 63.44," and remanded to the district court "to address § 63.44 in the first instance." *Id.* Thus, on remand, the district court did precisely what we required -- it substantively addressed Hunt's § 63.44 challenge by determining that Hunt abandoned this claim *after* summary

3

judgment.

Hunt's second assumption is that the district court made an abandonment determination at summary judgment such that Hunt had no option but to proceed to trial solely on his LAMC § 42.15 (2004) challenge. Contrary to Hunt's assertion, at summary judgment the district court merely acknowledged that it was not addressing § 63.44 because "Plaintiffs agreed at oral argument that their suit centers on the two versions of § 42.15." *Hunt*, 601 F. Supp. 2d at 1160-61; *see also id.* at 1161 n.1 (explaining that although the briefing addressed the facial validity of § 63.44 and plaintiffs assert that they were threatened under § 63.44, "at oral argument, Plaintiffs explained that they are primarily challenging the two versions of § 42.15"). The district court therefore concluded in its summary judgment order that "[i]t *appears* to the Court that the only issue remaining in this case are the various potential damages to which Plaintiffs may or may not be entitled with respect to the 2004 ordinance." *Id.* at 1183 (emphasis added).

Because nothing in the district court's order affirmatively dismissed the § 63.44 claim, the ball was in Hunt's court to decide how to proceed with this claim. And to the extent the district court's order was at all ambiguous, Hunt, as the master of his complaint and as advocate for his claims, was in the best position to seek clarification regarding the scope of the summary judgment order to prevent

4

any inadvertent abandonment.  Hunt instead chose to do nothing -- Hunt does not dispute that he proceeded to trial solely on LAMC § 42.15 (2004).  Hunt's failure to present this claim at trial constitutes an abandonment of this claim.  *See Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Although the Section 1983 cause of action in his complaint included First Amendment claims, he has waived these claims by failing to object to their exclusion from the instructions.").

In opposition, Hunt cites to *Jimenez v. Franklin*, 680 F.3d 1096 (9th Cir. 2012), to argue that the City waived the argument that Hunt abandoned his § 63.44 challenge by failing to raise it with the panel on the first appeal.  *Jimenez* does not apply to these facts -- *Jimenez* held that an appellant may not, on a second appeal, raise a new argument that could have been raised on the first appeal.  *Id.* at 1099-1100.  In comparison, in this action the City did not raise the abandonment issue on remand.  Rather, the district court raised this issue on its own, and nothing in our remand order prevented the district court from finding abandonment based on facts that were not presented to us.

**AFFIRMED.**

5