**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALERIE JEFFORDS, | No. 23-35271 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00414-SB |
| v. | |
| NAVEX GLOBAL, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted June 14, 2024
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

Valerie Jeffords appeals an order granting summary judgment to NAVEX

Global, Inc. on her Family and Medical Leave Act (FMLA) interference claim

under 29 U.S.C. §§ 2614(a), 2615(a)(1), and her Americans with Disabilities Act

(ADA) claims of discrimination and failure to accommodate under 42 U.S.C. §

12112(a), (b)(5)(A). We review a grant of summary judgment *de novo* and view

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the record in the light most favorable to the non-moving party for genuine issues of material fact. *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064–65 (9th Cir. 2002) (en banc). We restate the most relevant facts. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and we reverse and remand in part.

1. Qualifying employees have a right to be restored to their former or an equivalent position after taking FMLA leave. 29 U.S.C. § 2614(a). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny" an employee's right to reinstatement. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.214. However, "[i]f an employer provides the notice required, an employee who does not provide a fitness-for-duty [FFD] certification . . . is no longer entitled to reinstatement" and "may be terminated." 29 C.F.R. §§ 825.312(e), 825.313(d). It is undisputed that, before Jeffords took FMLA leave in December 2019, NAVEX told her that she needed to submit an FFD form in order to return. Jeffords sent an FFD form on May 5, 2020, even though she had exhausted her FMLA leave and was terminated on March 16, 2020. The FFD form did not clear Jeffords to return to work until June 17, 2020. Because NAVEX notified Jeffords that she needed to submit an FFD form to return to work, and she was not cleared to return by the time her FMLA leave ran out, Jeffords did not show that NAVEX interfered with her reinstatement. We affirm the district court's grant of summary judgment on the FMLA claim.

2

2. Even if the FMLA does not entitle an employee to reinstatement, the ADA in some cases may govern an employer's obligations. 29 C.F.R. § 825.216(c). To claim employment discrimination under the ADA, a plaintiff must show that she was adversely affected because of her disability and, disputed here, that she was a "qualified individual," defined as someone who "with or without reasonable accommodation" could perform her job's essential functions. *See* 42 U.S.C. §§ 12112(a), 12111(8); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

The ADA at times requires employers to engage in an interactive process to see whether reasonable accommodation could allow an "otherwise qualified individual" to perform the essential functions of a job. 42 U.S.C. § 12112(b)(5)(A); *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114–15 (9th Cir. 2000) (en banc), *vacated on other grounds sub nom. US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). But the obligation is not absolute: "[A]n employer is obligated to engage in the interactive process only if the individual is 'otherwise qualified.'" *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1134 (9th Cir. 2020). If the employee is qualified, the interactive process duty is "triggered either by a request for accommodation by a disabled employee or by the employer's recognition of the need for such an accommodation." *Barnett*, 228 F.3d at 1112. "An employee requesting a reasonable accommodation" need only use "plain" language and

"need not mention the ADA or use the phrase 'reasonable accommodation.'" *Id.* (cleaned up). Once triggered, the process "requires . . . good-faith exploration of possible accommodations," which employers can show if they meet with an employee, request information about the condition and her precise limitations, "ask the employee what [] she specifically wants, show some sign of having considered [the] request, and offer and discuss available alternatives when the request is too burdensome." *Id.* at 1114–15 (citation omitted). "The interactive process requires that employers analyze job functions to establish the essential and nonessential job tasks." *Id.* at 1115. "[A]n employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process." *Id.* at 1116.

Genuine disputes remain as to whether NAVEX had an obligation to engage in the interactive process with Jeffords and, if so, whether NAVEX did so. A reasonable factfinder could determine that Jeffords requested accommodation either on March 10, 2020, by using plain language to ask for more information about how company policies would apply when her FMLA leave ran out a few days later, and/or on March 16, 2020, when Jeffords expressly requested accommodation after receiving news of her termination but arguably while she was still employed by NAVEX on what turned out to be her last day. *See id.* at 1114. A decision that Jeffords had requested accommodation is especially reasonable in

the unusual context of NAVEX's contemporaneous assurances to Jeffords that the company would preserve her physical office for her and hold her position open for the time being with the hope that she could return. Alternatively, if Jeffords was "totally disabled," as NAVEX argues, a reasonable factfinder could conclude that NAVEX had notice of Jeffords's need for accommodation such that NAVEX had a duty to initiate the interactive process. *See id.* A reasonable factfinder could also find that Jeffords was so "disabled" that she could not perform the essential functions of her job, with or without an accommodation. If it did, then NAVEX would not have had an obligation to engage in the interactive process with her because she would not have been considered a "qualified individual" for the purposes of the statute.

These and other disputed factual questions preclude summary judgment. Jeffords's healthcare provider disputes whether Jeffords could have worked assuming she no longer needed to do so in-person. *Cf. Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). And although NAVEX allowed its staff to work from home as of March 16, 2020, the same day that Jeffords was terminated, it is disputed whether NAVEX considered this or any possible accommodation for Jeffords—or even if it was required to do so given the extent of her disability. Nor did NAVEX produce a job description for Jeffords's job or otherwise analyze her essential functions to determine whether her disability would have allowed her to

5

perform those functions, with or without accommodation. Because extended leave can be an accommodation under the ADA, Jeffords's inability to work at that time "would not automatically render her unqualified," even if the duration of her recovery was "unspecified." *See Nunes*, 164 F.3d at 1247; *Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006). NAVEX cannot prevail on summary judgment when so many factual questions remain. *See Barnett*, 228 F.3d at 1114–16; *Nunes*, 164 F.3d at 1247; *Dark*, 451 F.3d at 1090.

**AFFIRMED in part** as to Jeffords's FMLA claim and **REVERSED and REMANDED in part** as to her ADA claims. Each party bears its own costs.